**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

KENNETH CLARK CRAYTON,                    :
                                          :
     Plaintiff,                         :
                                          :
v.                                        :
                                          :
TRANSUNION RENTAL SCREENING               :
SOLUTIONS, INC.,                          :
                                          :
SERVE:     Corporation Service Company    :
           251 Little Falls Dr.           :
           Wilmington, DE 19808           :
                                          :
RENTGROW, INC.,                           :
                                          :
SERVE:     Corporation Service Company    :
           84 State St.                   :
           Boston, MA 02109               :
                                          :
MRI SOFTWARE, LLC,                        :
                                          :
SERVE:     National Registered Agents, Inc.  :   Civil Action No. **3:19-cv-00571-JAG**
           160 Greentree Dr., Ste. 101    :
           Dover, DE 19904                :
                                          :
EXPERIAN INFORMATION SOLUTIONS, INC., :
                                          :
SERVE:     Troutman Sanders LLP           :
           Attn: David Anthony            :
           1001 Haxall Point              :
           Richmond, VA 23219             :
                                          :
TRANSUNION, LLC,                          :
                                          :
SERVE:     Corporation Service Company    :
           100 Shockoe Slip Fl 2          :
           Richmond, VA 23219             :
                                          :
and,                                      :
                                          :
EQUIFAX INFORMATION SERVICES, LLC,        :
                                          :

SERVE:        Corporation Service Company      :
              100 Shockoe Slip Fl 2            :
              Richmond, VA 23219               :
                                               :
       Defendants.                             :

## COMPLAINT

COMES NOW the Plaintiff, Kenneth Clark Crayton, by counsel, and as for his Complaint against Defendants TransUnion Rental Screening Solutions, Inc. ("TURSS"), RentGrow, Inc. ("RentGrow"), MRI Software, LLC, ("Residentcheck.com"), Experian Information Solutions, Inc. ("Experian"), TransUnion, LLC ("TransUnion"), and Equifax Information Services, LLC ("Equifax"), he states as follows:

1.      This is an action for statutory, actual, and punitive damages, costs and attorney fees, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

3.      The Plaintiff is a natural person and at all times relevant to the Complaint was a "consumer" as defined by 15 U.S.C. §1681a(c).

4.      Defendant TURSS, Inc., is a foreign corporation registered in Delaware that offers an online tenant screening resource.

5.      Defendant RentGrow is a foreign corporation with its headquarters in Boston, Massachusetts.

6.      Defendant RentGrow offers online tenant screening resources.

7.      Defendant MRI Software, LLC, is a foreign limited liability company registered in Delaware with its global headquarters located in Solon, Ohio.

8.      Defendant MRI Software, LLC, offers "Residentcheck.com" as an online tenant screening resource product.

9.      Defendant Experian is a foreign corporation with its registered agent located in Richmond, Virginia.

10.     Defendant TransUnion is a foreign limited liability company with its registered agent located in Richmond, Virginia.

11.     Defendant Equifax is a foreign limited liability company with its registered agent located in Richmond, Virginia.

12.     Defendants are consumer reporting agencies as defined by 15 U.S.C. §1681a(f).

13.     Defendants regularly engage in the business of assembling, evaluating, and publishing consumer information to furnish consumer reports to third parties as defined by 15 U.S.C. §1681a(d).

14.     Defendants publish consumer reports to third parties under contract for monetary compensation.

## STATEMENT OF FACTS

### Facts as to Defendants TURSS and RentGrow

15.     In November 2018, the Plaintiff applied to rent an apartment with Proximity at Papago ("Proximity").

16.     As part of the application process, the property management company requested the Plaintiff's consumer report from Defendant RentGrow.

17.     RentGrow obtains its consumer report information via TURSS' online tenant screening resource.

18.     On or about November 2018, the Plaintiff was denied the opportunity to rent an apartment at Proximity based upon inaccurate information that was included in the RentGrow consumer report.

19.     Thereafter, the Plaintiff requested a copy of the RentGrow report.

20.     Upon review of his consumer report, the Individual Result's section indicated "Reject Applicant" and listed the reasons as "Civil Court History Does Not Meet Property Requirements" and "High level of Charge-offs."

21.     However, one of the civil court records and eight of the collection accounts included in his report actually belonged to his father, Kenneth Crayton.

22.     This incorrect information was mixed into the Plaintiff's file due to the failure of TURSS and RentGrow to maintain reasonable procedures to assure maximum possible accuracy in the preparation of their respective consumer reports.

23.     The TURSS/RentGrow report also included an inaccurate and incomplete court record related to an eviction action brought against the Plaintiff where he ultimately prevailed.

24.     Proximity's determination to decline the Plaintiff an opportunity to rent an apartment based upon the inaccurate TURSS/RentGrow report had a detrimental effect on his life causing stress, embarrassment, and frustration.

25.     In November 2018, the Plaintiff disputed the inaccurate civil court records with RentGrow, and through RentGrow to TURSS.

26.     The Defendants responded by stating that the Barclay Estates judgment was accurate and belonged to the Plaintiff, even though the judgment belonged to the Plaintiff's father.

27.     They thereafter continued to report the Plaintiff's father's Barclay Estate judgment within the Plaintiff's file.

28.     As a result of RentGrow's actions and inaction, the Plaintiff suffered actual damages including, but not limited to aggravation, inconvenience, embarrassment, and frustration.  The Plaintiff was additionally deterred from applying for other apartments because of the negative impact of the inaccurate reporting.

**Facts as to Defendant Residentcheck.com**

29.     In August 2017, the Plaintiff applied to rent an apartment in Phoenix, Arizona at the El Cortez.

30.     As part of the application process, the property management company requested the Plaintiff's consumer report from Defendant Residentcheck.com.

31.     The Plaintiff was informed by the property management company that he had a prior eviction record included in his consumer report.

32.     However, the eviction record reported by Residentcheck.com was incorrect.

33.     The false record of eviction was reported within the Plaintiff's file due to Residentcheck.com's failure to maintain reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports.

34.     The Plaintiff has never been evicted from a property.

35.     As a result of Residentcheck.com's actions and inaction, the Plaintiff suffered actual damages including, but not limited to, aggravation, inconvenience, embarrassment, and frustration.

**Facts as to Defendant Experian**

36.     Due to the many inaccuracies included in his consumer reports during the rental process, the Plaintiff reviewed his Experian consumer report and discovered multiple delinquent accounts that belonged to his father, which were being published by Experian to its customers.

37.     The derogatory and mismatched sets of credit information severely reduced the Plaintiff's credit scores and were mixed into the Plaintiff's file due to deficiencies in Experian's data matching algorithms.

38.     Defendant Experian willfully violated section 1681e(b) of the FCRA, by failing to maintain reasonable procedures to assure the maximum possible accuracy of the Plaintiff's consumer report.

39.     As a result of Experian's actions and inaction, the Plaintiff suffered actual damages including, but not limited to, damage to his credit rating, aggravation, inconvenience, embarrassment, and frustration.  The Plaintiff was additionally deterred from applying for lines of credit because of the negative impact of the inaccurate reporting.

**Facts as to Defendant TransUnion**

40.     Due to the many inaccuracies included in his consumer reports during the rental process, the Plaintiff reviewed his TransUnion consumer report and discovered multiple delinquent accounts that belonged to his father, which were being published by TransUnion to its customers.

41.     The derogatory and mismatched sets of credit information severely reduced the Plaintiff's credit scores and were mixed into the Plaintiff's file due to deficiencies in TransUnion's data matching algorithms.

42.    Defendant TransUnion willfully violated section 1681e(b) of the FCRA, by failing to maintain reasonable procedures to assure the maximum possible accuracy of the Plaintiff's consumer report.

43.    As a result of TransUnion's actions and inaction, the Plaintiff suffered actual damages including, but not limited to, damage to his credit rating, aggravation, inconvenience, embarrassment, and frustration.  The Plaintiff was additionally deterred from applying for lines of credit because of the negative impact of the inaccurate reporting.

**Facts as to Defendant Equifax**

44.    Due to the many inaccuracies included in his consumer reports during the rental process, the Plaintiff reviewed his Equifax consumer report and discovered multiple delinquent accounts that belonged to his father, which were being published by Equifax to its customers

45.    The derogatory and mismatched sets of credit information severely reduced the Plaintiff's credit scores and were mixed into the Plaintiff's file due to deficiencies in Equifax's data matching algorithms.

46.    In February 2019, the Plaintiff mailed a written dispute to Equifax regarding the various inaccuracies in his reports, including the delinquent accounts that belonged to his father.

47.    Equifax responded and indicated that it could not locate a credit file for the Plaintiff and that he would have to send additional documents to verify his identity.

48.    On or about April 2019, the Plaintiff again mailed a written dispute to Equifax regarding the various inaccuracies in his reports, including the delinquent accounts that belonged to his father.

49.    Equifax again responded that they were unable to locate a credit file for the Plaintiff.

50.     The Plaintiff never received a response from Equifax regarding his disputes.

51.     Upon information and belief, Equifax failed to conduct any investigation into the disputed accounts.

52.     Defendant Equifax willfully violated section 1681e(b) of the FCRA, by failing to maintain reasonable procedures to assure the maximum possible accuracy of the Plaintiff's consumer report.

53.     Defendant Equifax willfully violated section 1681i of the FCRA, by failing to conduct a reasonable reinvestigation within 30 days of receipt of Plaintiff's disputes.

54.     As a result of Equifax's actions and inaction, the Plaintiff suffered actual damages including, but not limited to, damage to his credit rating, aggravation, inconvenience, embarrassment, and frustration.  The Plaintiff was additional deterred from applying for lines of credit because of the negative impact of the inaccurate reporting.

**COUNT I: TURSS'
VIOLATION OF 15 U.S.C. § 1681e(b)**

55.     The Plaintiff restates each allegation in the preceding paragraphs 1 through 4, 12 through 13, 15 through 28 as if set forth at length herein.

56.     Defendant TURSS violated 15 U.S.C. § 1681e(b) by failing to follow  reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

57.     TURSS failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff when it prepared his consumer reports and included an inaccurate and incomplete eviction court record, a mismatched judgment, and derogatory accounts that belonged to his father.

58.     Based on TURSS' alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including, but not limited to, loss of rental opportunity, increased costs, aggravation, frustration, inconvenience, and embarrassment.

59.     TURSS' conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TURSS was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

60.     As a result of TURSS' violations of 15 U.S.C § 1681e(b), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

### COUNT II: TURSS' VIOLATION OF 15 U.S.C. § 1681i(a)(1)

61.     Plaintiff restates each of the allegations in the preceding paragraphs 1 through 4, 12 through 13, and 15 through 28 as if set forth at length herein.

62.     TURSS violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.

63.     As a result of TURSS' conduct, actions, and inaction, the Plaintiff suffered actual damages.

64.     TURSS' conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, TURSS was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

65.     As a result of TURSS' violations of 15 U.S.C § 1681i(a)(1), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

**COUNT III: TURSS'S**
**VIOLATION OF 15 U.S.C. § 1681i(a)(2)**

66.     Plaintiff restates each of the allegations in the preceding paragraphs 1 through 4,

12 through 13, and 15 through 28 as if set forth at length herein.

67.     TURSS violated 15 U.S.C. § 1681i(a)(2) by its conduct which includes, but is not

limited to, failing to send to the furnishers all relevant information that it received with the

Plaintiff's disputes.

68.      As a result of TURSS' conduct, actions, and inaction, the Plaintiff suffered actual

damages.

69.     TURSS's conduct, actions, and inaction were willful, rendering it liable for

punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In

the alternative, TURSS was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

70.     As a result of TURSS' violations of 15 U.S.C § 1681i(a)(2), the Plaintiff is

entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney

fees.

**COUNT IV: TURSS'**
**VIOLATION OF 15 U.S.C. § 1681i(a)(4)**

71.     The Plaintiff restates each of the allegations in the preceding paragraphs 1 through

4, 12 through 13, and 15 through 28 as if set forth at length herein.

72.     TURSS violated 15 U.S.C. § 1681i(a)(4) by its conduct which includes, but is not

limited to, failing to review and consider all relevant information that it received with the

Plaintiff's disputes.

73.      As a result of TURSS' conduct, actions, and inaction, the Plaintiff suffered actual

damages.

74.     TURSS' conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, TURSS was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

75.     As a result of TURSS' violations of 15 U.S.C § 1681i(a)(4), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

### COUNT V: TURSS'
### VIOLATION OF 15 U.S.C. § 1681i(a)(5)

76.     The Plaintiff restates each of the allegations in the preceding paragraphs 1 through 4, 12 through 13, and 15 through 28 as if set forth at length herein.

77.     TURSS violated 15 U.S.C. § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete or modify information that was the subject of the Plaintiff's disputes and that was inaccurate or could not be verified.

78.     As a result of TURSS' conduct, actions, and inaction, the Plaintiff suffered actual damages.

79.     TURSS' conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, TURSS was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

80.     As a result of TURSS' violations of 15 U.S.C § 1681i(a)(5), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

### COUNT VI: RENTGROW'S
### VIOLATION OF 15 U.S.C. § 1681e(b)

81. The Plaintiff restates each allegation in the preceding paragraphs 1 through 3, 5, 6, 12 through 14, and 15 through 28 as if set forth at length herein.

82. Defendant RentGrow violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

83. RentGrow failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff when it prepared his consumer reports and included an incomplete false eviction record, a mismatched judgment, and derogatory accounts that belonged to his father.

84. Based on RentGrow's alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including, but not limited to, loss of rental opportunity, increased costs, aggravation, frustration, inconvenience, and embarrassment.

85. RentGrow's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, RentGrow was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

86. As a result of RentGrow's violations of 15 U.S.C § 1681e(b), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

## COUNT VII: RENTGROW'S
## VIOLATION OF 15 U.S.C. § 1681i(a)(1)

87. Plaintiff restates each of the allegations in the preceding paragraphs 1 through 3, 5, 6, 12 through 14, and 15 through 28 as if set forth at length herein.

88.     RentGrow violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation within 30 days of receipt of the Plaintiff's dispute.

89.     As a result of RentGrow's conduct, actions, and inaction, the Plaintiff suffered actual damages.

90.     RentGrow's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, RentGrow was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

91.     As a result of RentGrow's violations of 15 U.S.C § 1681i(a)(1), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

## COUNT VIII: RENTGROW'S
## VIOLATION OF 15 U.S.C. § 1681i(a)(2)

92.     Plaintiff restates each of the allegations in the preceding paragraphs 1 through 3, 5, 6, 12 through 14, and 15 through 28 as if set forth at length herein.

93.     RentGrow violated 15 U.S.C. § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnishers all relevant information that it received with the Plaintiff's disputes.

94.     As a result of RentGrow's conduct, actions, and inaction, the Plaintiff suffered actual damages.

95.     RentGrow's conduct, actions, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, RentGrow was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

96.     As a result of RentGrow's violations of 15 U.S.C § 1681i(a)(2), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

## COUNT IX: RENTGROW'S
## VIOLATION OF 15 U.S.C. § 1681i(a)(4)

97.     The Plaintiff restates each of the allegations in the preceding paragraphs 1 through 3, 5, 6, 12 through 14, and 15 through 28 as if set forth at length herein.

98.     RentGrow violated 15 U.S.C. § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received with the Plaintiff's disputes.

99.      As a result of RentGrow's conduct, actions, and inaction, the Plaintiff suffered actual damages.

100.     RentGrow's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, RentGrow was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

101.    As a result of RentGrow's violations of 15 U.S.C § 1681i(a)(4), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

## COUNT X: RENTGROW'S
## VIOLATION OF 15 U.S.C. § 1681i(a)(5)

102.    The Plaintiff restates each of the allegations in the preceding paragraphs 1 through 3, 5, 6, 12 through 14, and 15 through 28 as if set forth at length herein.

103.    RentGrow violated 15 U.S.C. § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete or modify information that was the subject of the Plaintiff's disputes and that was inaccurate or could not be verified.

104.    As a result of RentGrow's conduct, actions, and inaction, the Plaintiff suffered actual damages.

105.    RentGrow's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, RentGrow was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

106.    As a result of RentGrow's violations of 15 U.S.C § 1681i(a)(5), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

## COUNT XI: RESIDENTCHECK.COM'S
## VIOLATION OF 15 U.S.C. § 1681e(b)

107.    The Plaintiff restates each allegation in the preceding paragraphs 1 through 3, 7, 8, 12 through 14, and 29 through 35 as if set forth at length herein.

108.    Defendant Residentcheck.com violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

109.    Residentcheck.com failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff when it prepared his consumer report and included a false eviction record.

110.    Based on Residentcheck.com's alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including, but not limited to, aggravation, frustration, inconvenience, and embarrassment.

111.    Residentcheck.com's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Residentcheck.com was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

112.    As a result of Residentcheck.com's violations of 15 U.S.C § 1681e(b), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

## COUNT XII: EXPERIAN'S
## VIOLATION OF 15 U.S.C. § 1681e(b)

113.    The Plaintiff restates each allegation in the preceding paragraphs 1 through 3, 9, 12 through 14, and 36 through 39 as if set forth at length herein.

114.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

115.    Experian failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning the Plaintiff when it prepared his consumer report and included delinquent accounts that belonged to his father.

116.    Based on Experian's alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including, but not limited to, aggravation, frustration, inconvenience, and embarrassment.

117.     Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

118.     As a result of Experian's violations of 15 U.S.C § 1681e(b), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

### COUNT XIII: TRANSUNION'S
### VIOLATION OF 15 U.S.C. § 1681e(b)

119.     The Plaintiff restates each allegation in the preceding paragraphs 1 through 3, 10, 12 through 14, and 40 through 43 as if set forth at length herein.

120.     Defendant TransUnion violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

121.     TransUnion failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff when it prepared his consumer report and included delinquent accounts that belonged to his father.

122.     Based on TransUnion's alleged conduct, action, and inaction, the Plaintiff suffered actual damages, including, but not limited to, aggravation, frustration, inconvenience, and embarrassment.

123.     TransUnion's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, TransUnion was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

124.    As a result of TransUnion's violations of 15 U.S.C § 1681e(b), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

### COUNT XIV: EQUIFAX'S
### <u>VIOLATION OF 15 U.S.C. § 1681e(b)</u>

125.    The Plaintiff restates each allegation in the preceding paragraphs 1 through 3, 11 through 14, and 44 through 54 as if set forth at length herein.

126.    Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

127.    Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff when it prepared his consumer report and included delinquent accounts that belonged to his father.

128.    Because of Equifax's conduct, action, and inaction, the Plaintiff suffered actual damages, including, but not limited to, aggravation, frustration, inconvenience, and embarrassment.

129.    Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

130.    As a result of Equifax's violations of 15 U.S.C § 1681e(b), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

### COUNT XV: EQUIFAX'S
### <u>VIOLATION OF 15 U.S.C. § 1681i(a)(1)</u>

131.    Plaintiff restates each of the allegations in the preceding paragraphs 1 through 3, 11 through 14, and 44 through 54 as if set forth at length herein.

132.    Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate.

133.    As a result of Equifax's conduct, actions, and inaction, the Plaintiff suffered actual damages including, but not limited to, aggravation, frustration, inconvenience, and embarrassment.

134.    Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

135.    As a result of Equifax's violations of 15 U.S.C § 1681i(a)(1), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

### COUNT XVI: EQUIFAX'S
### VIOLATION OF 15 U.S.C. § 1681i(a)(2)

136.    The Plaintiff restates each of the allegations in the preceding paragraphs 1 through 3, 11 through 14, and 44 through 54 as if set forth at length herein.

137.    Equifax violated 15 U.S.C. § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnishers all relevant information that it received with the Plaintiff's disputes.

138.    As a result of Equifax's conduct, actions, and inaction, the Plaintiff suffered actual damages.

139.    Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

140.    As a result of Equifax's violations of 15 U.S.C § 1681i(a)(2), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

## COUNT XVII: EQUIFAX'S
## VIOLATION OF 15 U.S.C. § 1681i(a)(4)

141.    The Plaintiff restates each of the allegations in the preceding paragraphs 1 through 3, 11 through 14, and 44 through 54 as if set forth at length herein.

142.    Equifax violated 15 U.S.C. § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received with the Plaintiff's disputes.

143.    As a result of Equifax's conduct, actions, and inaction, the Plaintiff suffered actual damages including, but not limited to, aggravation, frustration, inconvenience, and embarrassment.

144.    Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

145.    As a result of Equifax's violations of 15 U.S.C § 1681i(a)(4), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

## COUNT XVIII: EQUIFAX'S
## VIOLATION OF 15 U.S.C. § 1681i(a)(5)

146.    The Plaintiff restates each of the allegations in the preceding paragraphs 1 through 3, 11 through 14, and 44 through 54 as if set forth at length herein.

147.    Equifax violated 15 U.S.C. § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete or modify any information that was the subject of the Plaintiff's disputes and that was inaccurate or could not be verified.

148.     As a result of Equifax's conduct, actions, and inaction, the Plaintiff suffered actual damages including, but not limited to, aggravation, frustration, inconvenience, and embarrassment.

149.    Equifax's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Equifax was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

150.    As a result of Equifax's violations of 15 U.S.C § 1681i(a)(5), the Plaintiff is entitled to recover actual, statutory, and punitive damages, in addition to his costs and attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendants, in addition to attorney fees and costs; pre and post-judgment interest at the legal rate; injunctive and declaratory relief; and any other relief the Court deems just, equitable, and proper.

**The Plaintiff demands a trial by jury.**

Respectfully submitted,
**Kenneth Crayton**

By_____/s/_____
Matthew J. Erausquin, VSB #65434
Tara B. Keller, VSB #91986

Consumer Litigation Associates, P.C.
1800 Diagonal Road, Ste. 600
Alexandria, Virginia 22314
(703) 273-7770 - Telephone
(888) 892-3512 - Facsimile
Email:  matt@clalegal.com
Email: tara@clalegal.com

*Counsel for the Plaintiff*